Day, J.
In the Court of Common Pleas of Hamilton county, at the June term, 1878, Sidney A. Frazier was indicted and convicted for procuring an abortion upon Hattie Sperling. One of the grounds upon which it is sought to reverse the judgment rendered in the case, is, that the court erred in refusing to sustain the prisoner’s challenges to several of the jurors, to which rulings exceptions were duly taken.
A struck jury was called; and, during the impaneling of the jury, the accused, after her peremptory challenges were exhausted, challenged three jurors for cause, on the ground that each of them had “formed or expressed an opinion as to the guilt or innocence of the accused.”
Upon the examination of the jurors on oath, as required by the statute, “as to the ground of such opinion,” it appeared that each of them had formed or expressed an opinion as to the guilt or innocence of the accused; but they severally stated that they could, nevertheless, render an impartial verdict upon the law and the evidence.
One of them testified that his opinion was formed from what he had read in the newspapers respecting the case; .another stated that his opinion- was formed from reading the papers, including what was published therein as the testimony taken before the coroner’s jury, in regard to the transaction; and the other said his opinion was formed entirely from reading what purported to be a report of such testimony as published in the newspapers.
The constitution guaranties to the accused a “trial by an impartial jury.” This right can not. be impaired. But what will constitute an abridgment of the right is, of necessity, a judicial question.
Subject to the constitutional limitation, the general assembly, in the exercise of its general, legislative power, may prescribe what shall be the qualification of jurors in criminal eases.
Under an act which provided that a juror might be challenged for any cause that rendered him an “ unsuitable juror,” the validity of which was to be determined by the *553 court, it was held in Fouts v. The State, 7 Ohio St. 471, to be a good cause of challenge, that a juror had formed or expressed an opinion as to the guilt or innocence of tho accused, although he might state that he thought his opinion thus formed, would not influence his verdict in the case.
Subsequently, by an act passed March 3, 1860 (S. & C. 1197), it was provided that, when a juror is objected to on the ground that he has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall examine him as to the grounds of his opinion, and if it shall appear to be formed upon reading newspaper statements or reports, or upon rumor or hearsay, and not upon conversation with witnesses of the transaction, or hearing them testify, and the juror shall say that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that the juror will render an impartial verdict, may, in its discretion, admit the juror as competent to serve in the case.
In Cooper v. The State, 16 Ohio St. 328, it was held that this act was not repugnant to the constitution ; for, though it provided that an opinion, formed in the manner indicated in the statute, should, not absolutely disqualify a juror, it was still left to the court to determine whether he was a suitable juror, and he was to be accepted only on condition the court was satisfied that he would render an impartial verdict.
The act of 1860, however, was repealed by the code of criminal procedure, passed'May 6, 1869. Section 131 of the code provided, without qualification, that it shall be good cause for challenge to any person called as a juror, “ that he has formed or expressed an opinion as to the guilt or innocence of the accused.” Thus the rule declared in Fouts v. The State, was established by express statutory enactment.
But by an act passed February 10, 1872 (69 Ohio L. 11), section 134 of the code was amended by adding thereto a *554 proviso, containing provisions similar to those of the act of 1860, which is as follows:
“Provided, that if a juror shall state that he has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine, on-oath, such-juror as to the ground of such opinion; and if it shall appear to have been founded upon reading newspaper statements, communications, comments, or reports,, or upon rumor or hearsay, and not upon conversations-with witnesses of the transactions, or reading reports of their testimony, or hearing them testify, and the juror shall say, on oath, that he feel able, notwithstanding such-opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that said juror is impartial and will render such verdict, may, in its discretion, admit such juror as competent to serve in such case.”
This proviso modified the enactment which unconditionally disqualified a person from sitting as a juror in a criminal case, when he is challenged on the ground that he has-formed or expressed an opinion as to the guilt or innocence of the accused. But the modification extends only to cases-where the opinion “shall appear to have been formed upon reading newspaper statements, communications, comments, or reports, or upon rumor or hearsay.” In such eases, if the juror swears that he feels able to render an impartial verdict, it is left to the discretion of the-court to admit him as a competent juror, on being satisfied that he is impartial and will render an impartial verdict in the case. This is the extent of the authority conferred by the proviso. The court is not authorized to-exercise such discretion, where the opinion of the juror is formed upon “ conversations with witnesses of the transaction, or reading reports of their testimony, or hearing them testify.” On the contrary, when a juror is challenged on the ground that he has formed his opinion, and it appears that it was formed upon either of these .grounds, the idea of a discretionary power in the court, to admit him. *555 “ as competent to serve ” in the case, is negatived by the proviso.
When the opinion is formed upon either of the negative grounds enumerated, the ease is not aided by the proviso, but is controlled alone by the section as it stood before tbe proviso was added. Such cases come directly under the rule in Fouts v. The State, that a juror who has formed an opinion as to the guilt or innocence of the accused, and is challenged on that ground, should beset aside as an unsuitable juror. This, moreover, is in accordance with the obvious intent and meaning of the statute.
A good reason for distinguishing opinions, formed from hearing the statements of witnesses or reports of their testimony in relation to the case, from those formed upon hearsay or newspaper statements merely, arises from the danger of a juror confounding in his memory the facts heard or read as the testimony of the witnesses, with that given on the trial. But whatever may be the reason, the distinction is made. One class of opinions is embraced in the modification intended by the proviso; the other is excluded.
Reports of the testimony of the witnesses of the transaction were not included in the negative clause of the act of 1860 ; but in the re-enactment of the provisions of that act in 1872, the matter was deemed of sufficient importance to enlarge the negative clause of the latter act, so as to embrace such reports ; and it is clear that the object of inserting the added provision in that clause would not be attained, unless it be construed to embrace what the juror understood to be reports of the testimony of witnesses of the transactions, for the proviso does not contemplate the hearing other testimony than his own upon the ground of his opinion.
In the case before, us, one of the jurors challenged had formed his opinion entirely from reading reports of the testimony of witnesses of the transaction, as published in the newspapers. The court, therefore, erred in not sustain *556 ing the challenge of the accused to that juror, and in permitting him to serve in the case.
Another juror formed his opinion, in part, from reading reports of such testimony as published in the newspapers. Pie should have been set aside. He had formed an opinion, and therefore fell within the general rule against his competency. He was unable to say that his opinion was not founded upon reading reports of the testimony, and, therefore, it came within the negative clause, excluding it from the exception to the general rule provided for in the proviso of the statute. It makes no distinction between opinions formed in part upon the reported testimony of the witnesses, and those formed wholly from such testimony. Nor is there any difference in principle, for no measure can be taken of the degree of influence that the reading of the testimony had in forming the opinion of the juror.
The other juror challenged, for aught that appears, formed his opinion entirely “ upon reading newspaper statements.” He came within the exception, found in the proviso, to the general rule of the statute. The court, therefore, if satisfied of his impartiality, might admit him as “ competent to serve ” in the case. But, for the error in not sustaining the challenge of the accused to the two jurors before referred to, the judgment must be reversed, and the cause remanded for a new trial.
The other questions made in argument, so far as they are presented by the record, are settled by the criminal code, or by familiar rules of law, and require no further notice.

Judgment reversed and cause remanded for a new trial.